No.  14-0302

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 29, 2014
DEBORAH S. HUNT, Clerk

In re:  CARPENTER CO., et al.                              )
                                                          )              O R D E R
            Petitioners.                                   )


Before:  SUHRHEINRICH, SILER, and GIBBONS, Circuit Judges.


In these consolidated multidistrict litigation antitrust actions brought against manufacturers of flexible polyurethane foam, the district court certified two classes:  a Direct Purchaser Class and an Indirect Purchaser Class.  The Petitioners, all manufacturers of flexible polyurethane foam, jointly petition for permission to appeal the district court's grant of class certification under Federal Rule of Civil Procedure 23(f).  Two of these manufacturers—Leggett & Platt, Inc. and Mohawk Industries, Inc. ("LP&M")—move to supplement the petition with additional issues.  The Direct Purchaser and Indirect Purchaser Classes separately respond in opposition to the petition and also oppose the filing of a supplemental petition.  The Petitioners and LP&M reply.  Additionally, the parties separately move to seal all of their pleadings and appendices.

We begin with the various procedural motions, addressing first the motions to seal.  The district court exercises great discretion over pretrial discovery, which typically occurs outside the public eye.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33−34 (1984).  Restraints, such as protective orders, "placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."  *Id.* at 33.  Thus, we construe protective orders narrowly.  And, although documents sealed in the district court must be filed under seal in this court, *see* 6th Cir. R. 25(h)(5); 6th Cir. I.O.P. 10(c), documents filed in this court generally must be made available to the public.  *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227

(6th Cir. 1996); *see also* 6th Cir. R. 28(d) ("Briefs filed with the court are public records. A brief that refers to sealed information is not automatically sealed."). Protecting legitimate trade secrets is also a "recognized exception to the right of public access to judicial records." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983).

The petition, the supplemental petition, and the responses to the petition cite general facts concerning the present action that are contained in both sealed and unsealed pleadings. Little of the analysis applying that authority to the facts of the case appears to refer to truly confidential information or trade secrets. Thus, neither the petition nor the responses should be sealed in their entirety. The motions for leave to file a supplemental brief, the response, and the reply and the motion for leave to file a reply to the petition and response do not contain any confidential information, but instead focus solely whether such a supplemental brief or is permitted or appropriate. Therefore, these pleadings should not be sealed. But the motions to seal the appendices are well taken, given that a number of documents in the appendices are not accessible through the CM/ECF system, and paper exhibits that are not part of the district court's electronic record may be provided to this court in an appendix. 6th Cir. R. 10(b)(1).

LP&M moves for leave to file a supplemental petition to raise issues unique to it that the Petitioners did not raise. The Direct and Indirect Purchasers oppose the motion, and LP&M replies. LP&M raises issues both common to all of the Defendants and unique to itself, and the Federal Rules of Appellate Procedure do not prohibit supplemental petitions. This case involves multidistrict litigation in which the district court certified two distinct classes in a 128-page order. LP&M's request to supplement the petition is not unreasonable under these circumstances.

The Petitioners move for leave to file a reply to the petition. The Direct and Indirect Purchasers oppose the motion. Federal Rule of Appellate Procedure neither permits nor prohibits a reply to a petition. Fed. R. App. P. 5(b)(1), (2). We conclude that a reply is not appropriate here because the reply largely reiterates prior arguments and appends extra-record documents.

No. 14-0302
-3-

Having resolved the procedural motions, we turn to the merits of the petition and supplemental petition. We may, in our discretion, permit an appeal from an order certifying a class action. Fed. R. Civ. P. 23(f). Our "unfettered" discretion is akin to the discretion of the Supreme Court in considering whether to grant *certiorari*; thus, we may consider any relevant factor we find persuasive. *See* Fed. R. Civ. P. 23 advisory committee's note (1998); *In re Delta Air Lines*, 310 F.3d 953, 957 (6th Cir. 2002). A district court also has substantial discretion in determining whether it will certify a class. *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011). Therefore, "[t]he district court's decision certifying the class is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion." *Id.* (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 559−60 (6th Cir. 2007)). Given the discretionary nature of our decision, there is no definitive test for granting permission to appeal. But we will not routinely accept interlocutory appeals. *See In re Delta Airlines*, 310 F.3d at 959. Factors we may consider include: (1) whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either the plaintiff or the defendant presents such a barrier that subsequent review is hampered; (3) whether the case presents a novel or unsettled question of law; and (4) the procedural posture of the case before the district court. *Id*. at 960.

The Petitioners and LP&M challenge the district court's certification order on numerous grounds, some related to the certification of class actions in general and some related to the certification of the specific classes here. We conclude that neither the general challenges nor the specific challenges are appropriate for appellate review at this time.

The novelty of a claim "weigh[s] more heavily in favor of review when the question is of relevance not only in the litigation before the court, but also to class litigation in general." *Id*. Applying current precedent, neither the Petitioners nor LP&M have demonstrated that the district court abused its discretion in certifying a class given the facts of the underlying case.

No. 14-0302
-4-

Assuming that the Petitioners preserved their standing argument before the district court, whether standing is established is dependent upon whether the definition of the class is sufficiently narrow to exclude uninjured parties. *See Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 778−79 (8th Cir. 2013); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006); *see also In re Deepwater Horizon*, 739 F.3d 790, 806 (5th Cir. 2014) (finding standing "so long as the class is defined so that every absent class member can *allege* standing" in the absence of any authority permitting an evidentiary inquiry into the Article III standing of absent class members during the class certification stage) (internal quotation omitted). Because the district court applied this standard in defining the classes here, it did not abuse its discretion.

Although the Petitioners assert that the district court should have required the classes to establish the Rule 23 requirements for certifying a class by a preponderance of the evidence, that is not so. The Supreme Court requires only that the district court be "satisfied, after a rigorous analysis" that the party seeking certification has affirmatively demonstrated compliance with Rule 23's requirements. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). Some circuit courts have superimposed a more specific standard on top of this, requiring district courts to resolve factual disputes by a preponderance of the evidence. *See, e.g.*, *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 1938 (2014). But we have previously declined to superimpose a more specific standard on top of the rigorous-analysis standard, *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 418 n.8 (6th Cir. 2012), and the failure to superimpose a more specific standard does not conflict with Supreme Court precedent. Thus, the district court did not abuse its discretion by applying only the rigorous-analysis standard.

The Petitioners next argue that the district court misapplied the standard for measuring damages, in violation of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). Under *Comcast*, "a model purporting to serve as evidence of damages in [a] class action must measure only those

damages attributable to [the class liability] theory." *Id.* at 1433. If the model does not measure damages attributable to the particular theory upon which the class claims are based, then it cannot serve as a basis for establishing that damages are measurable across the entire class. *Id.* Here, the district court ensured that each of the classes' models adhered to the theories of their cases, translating their legal theories of their harmful events to the economic impact of those events. Because the district court required the classes' damages models to reflect their theories of the case, it did not abuse its discretion or violate *Comcast*.

LP&M argues that there are fundamental *Daubert* errors implicating the intersection between *Daubert* and class certifications which have never been settled by this court. The Supreme Court has never decided whether a district court must undertake a *Daubert* analysis at the class-certification stage. The Supreme Court certified this question in *Comcast*, 133 S. Ct. 24 (2012), but did not ultimately reach the question on the merits. 133 S. Ct. at 1435−36 (Ginsberg, J., dissenting). But the Court has suggested that such an analysis may be required in some circumstances. *See Wal-Mart Stores, Inc.*, 131 S. Ct. at 2553−54 ("The District Court concluded that *Daubert* did not apply to expert testimony at the certification state of class-action proceedings. We doubt that is so . . . .") (citation omitted). The Seventh Circuit requires a district court to conclusively rule on any challenge to an expert's qualifications or submissions if his/her report or testimony is "critical to class certification" before ruling on the merits of the motion to certify a class. *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815−16 (7th Cir. 2010). The district court here acknowledged that the issue was unsettled, but adopted the Seventh Circuit's position. Although other district courts in this circuit have not required that expert testimony supporting class certification be admissible under *Daubert*, those decisions all predated *Comcast* and *Wal-Mart*. And, although the district court here only applied *Daubert* to critical witnesses, those are the only witnesses the Petitioners are challenging. Given the Supreme Court's statement in *Wal-Mart* and the district court's application of *Daubert* to critical witnesses, no abuse of discretion occurred.

In their final general challenge to the certification order, the Defendants argue that the Direct and Indirect Purchasers' regression models conflict with one another, given the Indirect Purchasers' premise that a constant overcharge applied and the Direct Purchasers' omission of such a rate in their model.  Because of this conflict, the Defendants assert that it will make adjudicating these claims at trial unmanageable.  Regardless of whether the theories conflict, the trials for the classes are bifurcated.  Thus, any problem with adjudicating the classes' differently-framed theories should not materialize.

The Petitioners and LP&M also challenge the district court's certification order on a number of grounds specific to the case.  Class actions are exceptions to the rule that litigation is conducted by and on behalf of the individual named parties only.  *Comcast Corp.*, 133 S. Ct. at 1432.  Thus, parties seeking to maintain class actions must affirmatively demonstrate their compliance with Federal Rule of Civil Procedure 23, which governs class actions.  *Id.* (citing *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551−52).  In this case, the plaintiffs sought certification of a Rule 23(b)(3) class, requiring them to demonstrate that their action presented "questions of law or fact common to class members [that] predominate[d] over any questions affecting only individual members."  Fed. R. Civ. P.  23(b).  Rule 23(b)(3) is an "adventuresome innovation [] framed for situations in which class-action treatment is not as clearly called for."  *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2558 (internal quotation marks and citation omitted).  At the same time, "[p]redominance is a test readily met in certain cases alleging . . . violations of the antitrust laws."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  Nevertheless, in considering whether a class action is appropriate, a district court should "probe behind the pleadings" and certify a class only if it is "satisfied, after a rigorous analysis, that" the predominance requirement is satisfied.  *Comcast*, 133 S. Ct. at 1429.

In the present case, both classes alleged a violation of the Sherman Act, and the Indirect Purchasers also alleged a violation of state-law analogues to the Sherman Act.  Thus, both classes had to demonstrate:  (1) an antitrust violation; (2) that the violation caused them to suffer an injury; and (3) that the extent of the injury can be quantified.  *See In re Hydrogen Peroxide*

*Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008). In its lengthy decision, the district court sifted through the abundant evidence in the record and rigorously analyzed that evidence before concluding that the Direct and Indirect Purchasers classes established the Rule 23 requirements and that the classes could establish through common evidence the antitrust elements outlined above. Despite the myriad issues raised by the Petitioners and LP&M challenging the district court's order, we cannot conclude under the deferential standard of review that an abuse of discretion occurred.

In addition to the merits of the issues raised in the petition, we consider whether our failure to grant review would be the death knell of the litigation. *In re Delta Air Lines*, 310 F.3d at 960. Thus, "[i]f the class certification decision essentially tells the tale of the litigation, there is strong support for interlocutory review." *Id.* A party must also offer more than a "general assertion" of harm by providing "insight into potential expenses and liabilities." *Id.*

The Petitioners argue that they face an imminent trial in which they face a potential damages award, after trebling, that exceeds $9 billion, for which each of them will be jointly and severally liable. The Direct Purchasers challenge the Petitioners' calculation of damages, asserting that, even trebled, it will not exceed $2.8 billion. The Petitioners have not demonstrated that the district court's order tells the tale of the action. Although the district court found that the classes established the requirements for certification, it emphasized that it was by no means clear that this proof would be sufficient to survive summary judgment or merit a favorable jury verdict. And, even if we adopt the Petitioners' calculation of the potential damages award, that factor alone does not warrant interlocutory review of the district court's order that is not otherwise questionable. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252 (D.C. Cir. 2013).

The petitioners do not address the final factor we generally consider in determining whether to grant a petition: the procedural posture of the case. If the district court might reexamine its certification decision, interlocutory review of the decision is discouraged. *In re Delta Air Lines*, 310 F.3d at 960. The district court issued an extremely thorough 128-page

No. 14-0302
-8-

decision certifying the classes.  But it is aware that it may reopen its certification decision, given its acknowledgement that it may have to revisit its decision if one defendant's liability is limited.

The motion to seal the petition, the motion to seal the supplemental petition, the Direct Purchasers' and Indirect Purchasers' motions to seal their responses to the petition are **GRANTED IN PART**.  The parties are **DIRECTED** to file a public version of their pleadings which redacts any reference to sealed information in the district court.  Failure to do so within seven days of this order shall result in the pleading(s), presently sealed pending a ruling on these motions, being unsealed.  The motion to seal the motion for leave to file a supplemental brief, the motion to seal the response and reply to the motion for leave to file a supplemental petition, the motion to seal the motion for leave to file a reply to the petition, and the motion to seal the response to the motion for leave to file a reply to the petition are **DENIED**.  The motions to seal the appendices are **GRANTED**.  The motion to file a supplemental petition is **GRANTED**.  The motion for leave to file a reply to the petition is **DENIED** and the reply is **ORDERED STRICKEN**.  The petition and supplemental petition are **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk